MILTON L. TRESTER, PLAINTIFF IN ERROR, v. THE MISSOURI PACIFIC RAILWAY COMPANY, DEFEND-ANT IN ERROR.

1. **Eminent Domain:** FOREIGN CORPORATION: CONSTITU-TIONAL LAW. Under section 8 of article XI. of the constitution, no foreign railroad company doing business in this state can exercise the right of eminent domain or have power to acquire right of way over real estate for depot or other uses, unless organized as a corporation under the laws of this state. *State, ex rel. The B. & M. R. R. Co., v. Scott,* 22 Neb., 628.

2. ———: ———: JURISDICTION OF COURT. Any proceedings instituted by a foreign railroad corporation to exercise the right of eminent domain, in the condemnation of real estate for the purpose of right of way, are void, and even if prosecuted to a termination can confer no rights to such real estate upon such corporation. In such case, as soon as it is made to appear that the corporation is not incorporated "pursuant to and in accordance with the laws of this state," it is the duty of the court wherein the proceeding is pending to dismiss the same for want of jurisdiction.

3. ———: ———: REMOVAL OF CAUSE TO U. S. COURT: PRACTICE. A railroad company organized as a corporation under the laws of another state, but doing business in this state, sought to exercise the right of eminent domain in the condemnation of private property for the purpose of right of way, and filed with the county judge of the proper county a request for the appointment of appraisers to assess the damages to real estate resulting from the right of way thereon. Appraisers were appointed and the damages assessed. From this assessment the land owner

appealed to the district court. The railroad company appeared and presented its petition and affidavit showing that it was a foreign corporation, and asking a removal of the cause to the circuit court of the United States. An order was made removing the cause as prayed. Subsequently the land owner appeared in the district court and filed his motion for a reinstatement of the cause, which motion was overruled. *Held,*

1. That as the railroad company had no authority under the constitution and laws of this state to take or acquire real estate for the purpose of right of way, the whole proceeding was void, and that neither the county judge nor the district court had any authority or jurisdiction to take any action in the matter.

2. That the order of the district court removing the cause to the circuit court of the United States was void, and conferred no jurisdiction on that court.

3. That the district court erred in not reinstating the cause and dismissing it for want of jurisdiction.

ERROR to the district court for Lancaster county. Tried below before MORRIS, J.

*Lamb, Ricketts, & Wilson,* for plaintiff in error, cited: *Miller v. Finn,* 1 Neb., 254. *In re Cooper,* 93 N. Y., 507. *Bank v. St. John,* 25 Ala., 566. Bigelow Estoppel, 578–582. *C. & N. W. R. R. v. Auditor,* 53 Mich., 81. *O. & M. R. R. Co. v. Wheeler,* 1 Black, 286. *Muller v. Dows,* 94 U. S., 444.

*A. R. Talbot* and *B. P. Waggener,* for defendant in error, cited: *Brown v. Hurst,* 3 Neb., 356. *Whiteley v. Davis,* 20 Neb., 504. *Sherman v. Bates,* 15 Id., 18.

REESE, CH. J.

It appears by the record in this case that in the year 1885 defendant in error filed in the office of the county judge of Lancaster county a request for commissioners to appraise the damages to certain lands caused by the location of its railroad thereon. This request was in the following form:

" In the county court, Lancaster county, Nebraska.

" In the matter of the right of way ⎫ Request for com- and depot grounds of the Mis- ⎬ missioners to ap- souri Pacific Railway Company. ⎭ praise damages.

" *To Charles M. Parker, county judge:*

"The Missouri Pacific Railway Company shows to your honor that it has located its line over and through the grounds hereinafter described, and has located its switch yards and depots on the grounds hereinafter set forth and described, and that the appropriation of said lands to such uses is necessary to the construction and operation of said railroad, and that said company has endeavored to obtain the consent of the several owners and agree with them on such damages so occasioned to them by such appropriation, but has been unable to make any personal agreement, and petitioner has given to non-resident owners notice by publication as required by law herewith filed, and has given personal notices to resident owners, to-wit: N. $\frac{1}{2}$ S. E. $\frac{1}{4}$ of N. E. $\frac{1}{4}$ section 24, Tp. 10, R. 6 E., 100 ft. wide and through the same. M. L. Trester, owner. And said railway company prays appraisement of damages by commissioners which owners shall sustain by reason of the appropriation of such lands to the uses of the Missouri Pacific Railway Company."

In accordance with this request, the county judge appointed appraisers to assess the damages sustained by plaintiff in error and others by reason of the location of the railroad. After qualifying in the mode prescribed by law, the appraisers assessed the damages sustained by plaintiff in. error at $2,500, from which he appealed to the district court. After the cause was filed and docketed in the district court, defendant in error appeared and filed its petition in the usual form for a removal of the case to the circuit court of the United States for the district of Nebraska. Among other things, it was alleged in the petition that the petitioner, the Missouri Pacific Railway

Company, was a corporation " organized under the laws of the state of Missouri," and that it was " a citizen and resident of the state of Missouri, being a corporation under the laws of the state of Missouri, and having its principal office at St. Louis, Missouri, and the owner of the land, Milton L. Trester, was and is a citizen and resident of the state of Nebraska."

This petition is supported by the affidavit of S. H. H. Clark, the general managing director of defendant in error, in which it is averred that the " petitioner is a corporation organized under the laws of the state of Missouri, and a citizen of the state of Missouri," etc.

Upon this petition and affidavit an order was made by the district court about the 2d day of June, 1886, staying further proceedings, and removing the cause to the circuit court of the United States. About the 30th day of March, 1887, plaintiff in error filed his motion in the district court of Lancaster county, by which he sought to procure a vacation of the order of removal to the Federal court, and to have the cause placed on the docket for trial. The grounds of the motion were as follows:

" *First*—Because the affidavit upon which said order was obtained is not sufficient in matter and form to divest this court of jurisdiction.

" *Second.* Because the matter and facts set forth in said affidavit are not true.

" *Third.* Because the defendant railway company is not a non-resident corporation, but is a company formed by the consolidation of a Missouri corporation, a Kansas corporation, and a Nebraska corporation.

" *Fourth.* Because the defendant railway company, in filing its petition for condemnation of the plaintiff's land, appeared in its capacity of a Nebraska corporation, and is by said proceeding estopped to allege that it is a corporation under the laws of the state of Missouri.

" *Sixth.* That the defendant railway company, in seek-

ing to acquire right of way under the laws of eminent. domain, elected to proceed in its corporate character under the laws of the state of Nebraska, and is estopped to allege that it proceeded in this condemnation proceedings as a corporation organized under the laws of the state of Missouri."

The motion was overruled, and plaintiff prosecutes error to this court, assigning as error the ruling of the court upon the motion.

The first question presented for decision is a motion on the part of defendant in error to strike certain papers from the files, because they are not preserved as a part of the record by bill of exceptions. These papers appear to be copies of alleged articles of incorporation of the "Missouri Pacific Railway Company in Nebraska," and an article or memorandum of agreement between such corporation and the Missouri Pacific Railroad Company, by which the Missouri Pacific Railway Company in Nebraska is consolidated with the Missouri Pacific Railroad Company under the corporate name of the Missouri Pacific Railway Company, on the terms and conditions set out in the agreement; also the ratification and approval of such contract by the stockholders of each corporation. As these papers are in no way made a part of the record by bill of exceptions, or otherwise, they are improperly on file, and the motion to strike them therefrom is sustained.

This leaves the record consisting alone of the condemnation proceedings, appeal to the district court, petition, affidavit, and bond for removal, the order of removal to the Federal court, the motion for reinstatement, and the ruling thereon. It is insisted by defendant in error that, as there was no exception taken to the order of removal, plaintiff in error must be held to have acquiesced in and agreed to the order, and therefore cannot now assign it for error. This is true, unless it is to be treated as a final judgment. In that case no exception would be necessary.

*Morrow v. Sullender*, 4 Neb., 375. *Jones v. Null*, 9 Id., 256. But in our view this is an unimportant question, as the case is prosecuted from the ruling of the district court upon the motion to proceed to trial, to which plaintiff in error excepted. This order affected a substantial right and prevented a judgment, and may be reviewed under the provision of section 581 of the civil code.

In our view, the case is entirely free from difficulty, and must be disposed of under the provisions of the constitution and laws, together with the decisions of the courts of this state, without reference to the decisions of other courts.

Section 3 of article I. of the constitution provides that, " No person shall be deprived of life, liberty, or property without due process of law."

Section 21 of the same article provides that, " The private property of no person shall be taken or damaged for public use without just compensation therefor." And section 8 of article XI. is as follows : " No railroad corporation, organized under the laws of another state or of the United States, and doing business in this state, shall be entitled to exercise the right of eminent domain or have the power to acquire the right of way or real estate for depot, or other uses, until it shall become a body corporate pursuant to and in accordance with the laws of this state."

There is no provision of the constitution, nor any statutory enactment thereunder, authorizing corporations, other than those created under the laws of this state, to exercise the right of eminent domain, or to acquire real estate for the purpose of right of way.

In *State, ex rel. B. & M. Railroad Company, v. Scott*, 22 Neb., 628, it was held that the section of the constitution above quoted absolutely prohibits a railroad corporation organized under the laws of another state from acquiring the right of way, until it becomes a body corporate under the laws of this state; and that before the right of eminent

domain could be exercised by a railroad company, the cor-
poration seeking to exercise the power must be under our
own laws, the creature of our own statutes and not of the
laws of another state.

It is quite doubtful if the request for appraisers filed
by defendant in error, and herein copied, gave the county
court any jurisdiction to take any action thereon, as it no-
where appears therein that defendant in error was "a body
corporate pursuant to and in accordance with the laws of
this state," as required by the constitution. But upon
this question we need now express no opinion, as it affirm-
atively appears by the petition and affidavit for removal
that it was not. This being true, it should have occurred
to the mind of the learned judge who ordered the removal,
that the proceeding was absolutely void; and the court
should not only have refused the removal, but should have
dismissed the whole proceeding for want of jurisdiction to
take further action. If defendant was a foreign corpora-
tion, which was clearly shown by the petition and affida-
vit to be the fact, it not only could not exercise the right
of eminent domain, but it had no power to acquire the
right of way in any form. It could do nothing. Plaintiff
in error was entitled to recover no damages in that proceed-
ing, for defendant could not take his property. There
was no question to be litigated in the district court, and it
had no jurisdiction to proceed in the matter. Its order of
removal was, therefore, a nullity, and no jurisdiction could
be thereby conferred upon the Federal court. Any action
that might be taken by that court would be equally void,
and although the parties might appear before it and
invoke its powers to the fullest extent, yet they could give
it no jurisdiction to take any action whatever. Our state
constitution is not a system of directory enactments, to be
observed, or not, at the pleasure of litigants; but its pro-
visions, so far, at least, as they are applicable to the case at
bar, are mandatory, and no rights can be acquired except
by an obedience thereof.

If defendant desired to exercise the right of eminent domain, it could do it in one way only, and that would be by becoming "a body corporate pursuant to and in accordance with the laws of this state." Failing to do so it is without the ability to call into action that "due process of law" necessary to deprive a citizen of his property, and is powerless to take any steps in that direction. The principle of estoppel contended for by plaintiff in error can have no application. No rights can be acquired by it by user, and nothing which it has done by way of filing the request can give it the ability to take or acquire the right of way.

In overruling the motion to re-docket the cause the district court erred. The motion to that extent should have been sustained, and the proceedings then dismissed for want of jurisdiction.

It was suggested upon the argument that at some time the Missouri Pacific Railway Company has become a corporation under the laws of this state. If such be the case it can proceed, under the charter given it by this state, to the condemnation of the property in dispute, or any other necessary property, for that matter, in the methods pointed out by the laws of the state and in the tribunals provided for that purpose. But that question is not before us in the case at bar.

By the record it is made to appear that, so far as its action in this case is concerned, it is a foreign corporation and "citizen of the state of Missouri." That is enough. It can have no standing in any court in this state in seeking to exercise the right of eminent domain.

The judgment of the district court is reversed and the cause remanded, with directions to said court to reinstate the cause and dismiss the whole proceeding for want of jurisdiction of the subject-matter.

REVERSED AND REMANDED.

THE other judges concur.