33 171
35 105
33 171
39 103

M. L. TRESTER v. MISSOURI P. R. Co.

[FILED OCTOBER 7, 1891.]

1. **Railroads**: INCORPORATION. *Held*, That the defendant is a corporation organized and existing under the laws of this state.

2. ——: CONSOLIDATION. Where two or more railroad corporations consolidate their stock and franchises into one company, under the provisions of the statutes of Nebraska, the consolidated company thus formed becomes a body corporate, pursuant to, and in accordance with, the laws of this state, and is entitled to acquire property for the use of the corporation under the law of eminent domain.

3. ——: ——: ARTICLES: FILING. Articles of consolidation of railroad corporations are not required to be recorded in the county clerk's office, but a duplicate of the agreement must be filed with the secretary of state.

4. ——: A CERTIFICATE OF ORGANIZATION of a railroad company need not specify the places of termini of a branch line within the state, nor the counties through which the same will pass.

5. **Eminent Domain**: APPRAISERS: APPLICATION to the county judge for the appointment of commissioners to appraise the damages sustained by a land-owner by reason of the location of a railroad across his premises is required to be in writing, and should state the name of the corporation, the land-owner, if known, a description of the real estate over which the road is located, the width required for right of way, and that the owner refuses

to grant the same. The application must be signed by some person empowered by the corporation so to do, but it need not be dated nor verified, nor is it essential to jurisdiction that it should aver the act of incorporation of the railroad company.

6. ——: APPRAISEMENT: NOTICE. Before a railroad company can have the damages of a resident land-owner appraised, ten days' notice in writing must be given the owner or guardian, either by personal service, or by leaving a copy thereof at his usual place of residence, unless waived.

7. ——: AWARD: APPEAL. Where a land-owner takes an appeal from the award of commissioners, appointed to assess damages for right of way, he waives all objection as to notice and that 'the appraisers were not properly sworn.

8. ——: ——: ——. On appeal to the district court from the appraisement of damages, if other issues than the question of damages are involved, they must be presented by proper pleadings.

9. A judgment will not be reversed for errors committed on the trial which do not affect the substantial rights of the party complaining.

ERROR to the district court for Lancaster county. Tried below before FIELD, J.

*Lamb, Ricketts & Wilson*, for plaintiff in error:

Objections to the jurisdiction of a sheriff's jury are not waived by an appeal from their award. (*Schroeder v. R. Co.*, 44 Mich., 387 ; *Slough v. R. Co.*, 33 N. W. Rep. [Ia.], 149; *Kanne v. R. Co.*, 23 N. W. Rep. [Minn.], 854.) As to the authority of the company to exercise the right of eminent domain over the premises: *Thomas v. R. Co.*, 101 U. S., 71 ; *Nichols v. Bridgeport*, 23 Conn., 189 ; *Judson v. Bridgeport*, 25 Id., 428; *People v. Brighton*, 20 Mich., 57; *Gillinwater v. R. Co.*, 13 Ill., 1; *Stanford v. Worn*, 27 Cal., 171; *Hull v. R. Co.*, 21 Neb., 385 ; *Doughty v. R. Co.*, 1 Zab. [N. J.], 442; *N. Y. & H. R. Co. v. Kip*, 46 N. Y., 546 ; *Shields v. Ohio*, 95 U. S., 319 ; *St. L. R. Co. v. Berry*, 113 U. S., 465 ; *McMahan v. Morrison*, 16 Ind., 172. The power granted by the state to

take property by eminent domain cannot be delegated.
(*Coe v. R. Co.*, 10 O. St., 372; *Atkinson v. R. Co.*, 15 Id.,
36; *Shields v. Ohio*, 95 U. S., 323, 324.)   Our statute re-
quires condemnation proceedings to be conducted by the
directors of the local corporations. (Morawetz, Corp., sec.
948; *St. L. R. Co. v. Berry*, 113 U. S., 465; *Powers v.
R. Co.*, 33 O. St., 432; *A. & N. L. R. Co. v. Smith*, 15
Id., 328; *Atl. R. Co. v. Sullivant*, 5 Id., 276; *Lyon v.
Jerome*, 26 Wend. [N. Y.], 485; *U. P. R. Co. v. B. & M.
R. Co.*, 19 Neb., 389.)   Neither the original nor the con-
solidated company ever filed its corporate articles in the
county clerk's office in any county in Nebraska. (*White v.
Blum*, 4 Neb., 560; *Abbott v. Smelting Works*, 4 Id., 416;
*Ind. Furnace Co. v. Herkimer*, 46 Ind., 142; *Morris
& E. R. Co. v. R. Co.*, 31 N. J. L., 205; *Belt & H. T.
Co. v. R. Co.*, 35 Md., 231.)   It is indispensable that
the record of condemnation proceeding should contain the
notice. (*Hull v. R. Co.*, 21 Neb., 384–5; Lewis, Em.
Domain, secs. 374, 369, and cases; *County of Ramsey v.
Stees*, 28 Minn., 326; *Ells v. R. Co.*, 48 Mo., 231.)   The
application was fatally defective. (*Matter of Brooklyn R.
Co.*, 72 N. Y., 249; *Holbert v. R. Co.*, 45 Ia., 23; *M., C.
& L. R. Co. v. Clark*, 23 Mich., 519, and cases; *Bowers v.
R. Co.*, 33 O. St., 429; *Reitenbaugh v. R. Co.*, 21 Pa. St.,
100; Lewis, Em. Domain, secs. 351, 352; *Anderson v. St.
Louis*, 47 Mo., 479.)   The defendant estopped to claim
that it is a Nebraska corporation. (*State, ex rel. Breaux, v.
Judges*, 34 La. Ann., 1220; *Bank v. St. John*, 25 Ala.,
566; *Ex parte Smith*, 94 U. S., 456.)

*A. R. Talbot*, and *B. P. Waggener, contra*, cited, as to
the application: *Mead v. Haynes*, 3 Rand. [Va.], 33;
*Whitworth v. Puckett*, 2 Gratt. [Va.], 531; Lewis, Em. Do-
main, sec. 342; *Soule v. Cosner*, 56 Ind., 276; *Palmer v.
High Comr's*, 49 Mich., 45; *Ward v. R. Co.*, 119 Ill., 287;
*Smith v. R. Co.*, 105 Id., 511; *Bacheler v. New Hampton,*

60 N. H., 207; *Hardy v. Keene*, 54 Id., 449; *Steele's Petition*, 44 Id., 220; *Jansen v. Grimshaw*, 125 Ill., 468; *Schwass v. Hershey*, Id., 664; *Henry v. R. Co.*, 121 Id., 264; *State v. Richmond*, 26 Id., 232; *Hustin v. Clark*, 112 Ill., 350; *A., T. & S. F. R. Co. v. Patch*, 28 Kan., 470; *Haas v. Lees*, 18 Id., 449; *Ogden v. Stokes*, 25 Id., 518; *Stephens v. Com'rs*, 36 Id., 664; *Tingley v. Providence*, 9 R. I., 388–390; *Omaha Belt Ry. Co. v. McDermott*, 25 Neb., 716. As to the notice: *Hull v. R. Co.*, 21 Neb., 384–5; *Bd. of Supervisors v. Magoon*, 109 Ill., 143; *Wood v. Wilson*, 12 Ind., 659; *Akin v. Bd. Com'rs*, 36 Kan., 170; *Com'rs v. Heed*, 33 Id., 34; *Sowle v. Cosner*, 56 Ind., 276; *R. Co. v. Benham*, 28 Mich., 459; *McCaslin v. Camp*, 26 Id., 390; *Peavey v. Wolfborough*, 37 N. H., 287–293; *Foss v. Strafford*, 25 Id., 78; *Goodwin v. Milton*, 25 Id., 458; *R. Co. v. Folsom*, 46 Id., 64; *Roberts v. Stark*, 47 Id., 223; *Gt. Falls Mfg. Co. v. Att'y Gen'l*, 124 U. S., 581; *Collman v. Fleming*, 82 Ind., 118–25; *R. Co. v. Allen*, 100 Id., 409. As to the fact of incorporation: *Reisner v. Strong*, 24 Kan., 410; *McAuley v. R. Co.*, 83 Ill., 348; *R. Co. v. R. Co.*, 105 Ill., 110; Angell & Ames, Corp., sec. 94; *Bank of Toledo v. Internatl. Bank*, 21 N. Y., 542; *Williamson v. Ass'n*, 89 Ind., 339; *Baker v. Neff*, 73 Id., 68; *R. Co. v. R. Co.*, 32 N. J. Eq., 755; *Elevated R. Co.*, 70 N. Y., 327–8; *State v. R. Co.*, 25 Neb., 164, 165. As to the effects of the appeal: *M. & M. R. Co. v. Rosseau*, 8 Ia., 373; *R. Co. v. Hayes*, 13 Neb., 489; *R. Co. v. Umstead*, 17 Id., 460; *Gerrard v. R. Co.*, 14 Id., 271; *Clarke v. R. Co.*, 23 Neb., 615; Maxwell, Pl. & Pr., 108; *Sch. Dist. v. Caldwell*, 16 Neb., 68; *Durbin v. Fisk*, 16 O. St., 534; *Harper v. Miller*, 4 Ired. L. [N. Car.], 34. As to the effect of the consolidation: *State v. R. Co.*, 25 Neb., 156, 164; *R. Co. v. Auditor Gen'l*, 53 Mich., 79; *R. Co. v. Ga.*, 92 U. S., 665–7; *Green Co. v. Conness*, 109 Id., 104; *R. Co. v. Adams Co.*, 88 Ill., 615; *Horne v. R. Co.*, 12 Am. & Eng. R. Cases, 488; 20 Id., 590; *Muller v.*

Trester v. M. P. R. Co.

*Dows*, 94 U. S., 444, 447; *T. & P. R. Co. v. McAllister*, 59 Tex., 349; *Peik v. R. Co.*, Id., 164; *O. & M. R. Co. v. Wheeler*, 1 Black [U. S.], 286; *R. Co. v. Whitton*, 13 Wall. [U. S.], 283; *County v. R. Co.*, 51 Pa. St., 228; *Angier v. R. Co.*, 74 Ga., 634; *Sage v. R. Co.*, 70 N. Y., 220; *Williamson v. R. Co.*, 26 N. J. Eq., 398; *Graham v. R. Co.*, 118 U. S., 169; *R. Co. v. Dunn*, 122 Id., 513; *McClure v. Campbell*, 25 Neb., 58; *Des Moines Nav. Co. v. Ia. Homestead*, 123 U. S., 557; *McCormick v. Sullivant*, 10 Wheat. [U. S.], 192; *Plumb v. Goodnow*, 123 U. S., 560; *Boone Co. v. Patterson*, 98 Id., 403; *Hartog v. Memory*, 116 Id., 588–692.

NORVAL, J.

The Missouri Pacific Railway Company on the 17th day of October, 1885, filed in the county court of Lancaster county its petition praying for the condemnation, for right of way purposes, of a strip 100 feet in width across the north half of the southeast quarter of the northeast quarter of section 24, town 10, range 6 east. The county judge appointed six disinterested freeholders, residents of said county, to assess and report the damages sustained by Milton L. Trester, the owner of said real estate, by reason of the location of the railroad. The damages assessed and reported by the commissioners amounted to $2,500. An appeal was taken by the land-owner to the district court, where the railway company filed a petition for removal of the cause to the circuit court of the United States for the district of Nebraska, on the ground that it was a citizen of the state of Missouri, and the owner of the land was a citizen and resident of this state. The district court approved the bond, which accompanied the application, and made an order removing the cause to the federal court. Subsequently Trester filed in the court below a motion to vacate the order of removal, and to redocket the case for trial. The motion being denied, Trester prose-

cuted a petition in error to this court, and at the January term, 1888, the order of the district court was reversed, and the cause remanded, with directions to reinstate the cause, and dismiss the proceedings for want of jurisdiction. (See 23 Neb., 242.)

A motion for a rehearing was made by the railroad company, on consideration whereof it was adjudged by the court that the former judgment of this court be vacated and set aside, and the decision of the district court was reversed, and the cause remanded for further proceedings. In obedience to the mandate of this court, the case was tried, and a verdict was returned in favor of the plaintiff in error for $3,100.

On the motion for a rehearing, no opinion was filed. The legal effects of the decision, however, was to overrule the former opinion in so far as it held that the condemnation proceedings were void, and that neither the county judge nor the district court had jurisdiction to take any action in the matter. In the opinion filed it was rightly ruled that, under the provisions of our constitution, a railroad company not incorporated under the laws of this state cannot exercise the right of eminent domain. If, therefore, the defendant was not a domestic corporation when it filed its petition in the county court, it acquired no right to the plaintiff's property by the condemnation proceedings, and the plaintiff could not recover compensation for the property attempted to be taken for right of way purposes, and the entire proceedings would be a nullity. The opinion filed, in declaring the condemnation proceedings void, was based upon the assumption that the defendant was not a domestic corporation. In other words, that the petition for removal conclusively established that the defendant was a foreign corporation. From the fact that the defendant alleged, in its petition for removal of the cause from the state court to the circuit court of the United States, that the defendant was a citizen and resident of an-

other state, it could not be conclusively presumed that it was a foreign corporation no more than the allegation in the motion of the plaintiff to vacate the order of removal, that "the defendant railway company is not a non-resident corporation, but is a company formed by the consolidation of a Missouri corporation, a Kansas corporation, and a Nebraska corporation" estopped the plaintiff from subsequently denying that the defendant is a domestic corporation. Whether a railroad company, which has sought to acquire private property for right of way purposes by condemnation proceedings, instituted under the statutes, is a foreign or domestic corporation is to be determined in the same manner as any other question of fact.

One of the issues presented and tried in the lower court, after the reversal of the cause, was whether the defendant was a Nebraska corporation. Upon that question the parties changed positions, the plaintiff in error in his petition alleging that the defendant company is a non-resident corporation, which averment is denied by the answer. The proofs show that the certificate of organization of the Missouri Pacific Railway Company of Nebraska, and the articles of incorporation of said company were filed and recorded in the office of the county clerk of Douglas county, and subsequently in the year 1882 certified copies thereof were filed for record in the office of the secretary of state of Nebraska, whereby the Missouri Pacific Railway Company of Nebraska became a body corporate, pursuant to and in accordance with the laws of this state.

On the 14th day of February, 1882, the Missouri Pacific Railway Company of Nebraska and the Missouri Pacific Railway Company, a corporation formed by consolidation of other companies, pursuant to the laws of Missouri and Kansas, entered into articles of consolidation, whereby the two companies were consolidated under the corporate name of the Missouri Pacific Railway Company. These articles of consolidation were ratified and

15

approved by the stockholders of the respective companies, who owned and represented two-thirds of all the capital stock. The articles of consolidation, together with the written ratification and approval thereof by the stockholders, were filed for record in the office of the secretary of state on the 3d day of March, 1882. It is unnecessary to state the terms of consolidation, nor discuss the sufficiency of the consolidation proceedings, for the reason that the same were before this court and fully considered in the case of the *State v. M. P. Ry. Co.*, 25 Neb., 164. It was there held that, by virtue of such consolidation, the defendant became a domestic corporation. With that conclusion we are content. By the act of consolidation the two companies were merged into the new corporation thus formed, and all the powers, rights, and franchises of the original corporations were transferred to the new company. That the corporate name adopted for the new company is the same as that of one of the consolidating companies, which was organized under the laws of another state, did not make the new corporation a foreign corporation. The consolidated company has a separate and distinct corporate existence in each of the states through which the road is located, and while it has but one board of directors, so much of the road and property of the company as is in this state is governed and controlled by the laws of the state. It has the same power to acquire real estate in this state, by the right of eminent domain, as if it had been originally incorporated in this state.

In *State v. C., B. & Q. R. Co.*, 25 Neb., 156, Chief Justice REESE, referring to section 114, chapter 16, Compiled Statutes, in the opinion observed that this section, in effect, provides that where a domestic corporation—that is, one organized under the laws of this state, and having its existence solely within this state—becomes consolidated with a corporation originally erected in another state, the new corporation is entitled to exercise the same rights

and is subject to the same restrictions and liabilities as the original corporation in this state before the consolidation. These rights and privileges consist in the exercise of the right of eminent domain, of acquiring property by purchase, for the use of the corporation, and of enjoying such other rights and privileges as properly belong to corporations.

Counsel for plaintiff in their brief contend that neither the original nor the consolidated corporation ever filed its corporate articles in the county clerk's office in any county in this state. Counsel are in error so far as the recording of the articles of incorporation of the Missouri Pacific Railway Company in Nebraska is concerned. The corporate articles of said company, as disclosed by the record, were recorded in the county clerk's office of Douglas county on the 8th day of June, 1881. It does not appear that the articles of consolidation were ever recorded in any county, nor, if we read the law correctly, was there any necessity therefor. Section 91 of chapter 16, Compiled Statutes, provides, in effect, that upon the making of the articles of consolidation, in the manner pointed out in the statute, and filing a duplicate thereof with the secretary of state, the consolidating corporations shall be merged in the new corporation provided for in such agreement, to be known by the corporate name therein mentioned. There is no provision of statute which requires articles of consolidation of two or more corporations to be recorded in the county clerk's office.

It is also urged that neither the original nor the consolidated company have corporate power to exercise the right of eminent domain in Lancaster county, for the reason that said county is not named in the certificate of organization of the original company, as one of the counties through which the road was to be constructed. The route and termini of said railway is described in the certificate of organization thus: " The termini of said railway shall be the city of Omaha, in the county of Douglas, and state of

Nebraska, and a point on the southern boundary line of the county of Richardson, in the state of Nebraska, to be hereafter selected. Said railway shall pass through the counties of Douglas, Sarpy, Cass, Otoe, Nemaha, and Richardson, and, if actual survey shall render such a location necessary, Johnson and Pawnee."

The second subdivision of section 73 of chapter 16, Compiled Statutes, requires that the certificate of organization of a railroad corporation shall state the names of the termini of the road and the county or counties through which the road shall pass. It is not claimed that the defendant's main line of road was not constructed between the termini named in the certificate or on the route therein specified. The certificate of organization makes no mention of the branch line from Weeping Water to Lincoln, nor any other branch line. The question is, therefore, squarely presented, whether the certificate of organization must definitely fix and name the places of termini of branch lines, and the counties through which they will pass. The authority conferred by the legislature for the construction of branch lines, is found in section 75 of said chapter 16, which reads as follows:

"Sec. 75. Such corporation shall be authorized and empowered to lay out, locate, construct, furnish, maintain, operate, and enjoy a railroad with single or double tracks, with such side tracks, turn-outs, offices, and depots as shall be necessary between the places of the termini of the said road, commencing at or within and extending to or into any town, city, or village named as the termini of said road, and construct branches from the main line to other towns or places within the limits of this state."

Construing the provisions of sections 73 and 75 together there is no room for doubt that it was the intention of the legislature to require only that the places of termini of the main line of railroad and the counties through which it would pass should be definitely specified in the certificate

of organization, and authority is conferred upon such corporation to construct branches from the main line, although the termini and location of such branch line are not stated in its original certificate of incorporation. If a railroad company is powerless to construct branches from its main line, unless the termini of such branch lines and the counties through which they should pass are named in the certificate of organization, then the latter clause of section 75 is meaningless.

The case of *Attorney General v. West Wisconsin Ry. Co.*, 36 Wis., 466, cited in the brief of plaintiff in error, is not an authority on the question under consideration. In the precedent cited the charter of the railroad company specified the places of termini of the road. Subsequently the company abandoned one terminal point mentioned in the charter, and in an action by the attorney general to forfeit the charter, it was held that the corporation had no power to change the places between which the road was to run. The right to construct branch lines, without the places of termini being named in the charter, was not involved or passed upon in the case. The other authorities cited by plaintiff in error are to the same effect, and will not be further noticed.

We are of the opinion that the Missouri Pacific Railway Company of Nebraska, before the act of consolidation, possessed the power to condemn the plaintiff's land for right of way purposes, and all the rights, powers, privileges, and franchise of the original company being merged in the consolidated company, the latter company was authorized to construct a branch from its main line into Lancaster county and exercise the right of eminent domain over the lands in question.

It is claimed that the petition filed by the railroad company for the appointment of commissioners to assess the damages, is so defective as not to give the county judge jurisdiction. The petition is as follows:

" In the County Court, Lancaster County, Nebraska.

" In the Matter of the Right of Way and Depot Grounds of the Missouri Pacific Railway Company.    } Request for Commissioners to Appraise Damages.

"*To Charles M. Parker, County Judge:*

" The Missouri Pacific Railway Company shows to your honor, that it has located its line over and through the grounds hereinafter described, and has located its switch yards and depots on the grounds hereinafter set forth and described, and that the appropriation of said lands to such uses is necessary to the construction and operation of said railway, and that said company has endeavored to obtain the consent of the several owners and agree with them on such damages so occasioned to them by such appropriation, but has been unable to make any personal agreement, and petitioner has given to non-resident owners notice by publication, as required by law herewith filed, and has given personal notices to resident owners, to-wit: N. ½ S. E. ¼ of N. E. ¼ section 24, Tp. 10, R. 6 E., 100 feet wide and through the same, M. L. Trester, owner, and said railway company prays appraisement of damages by commissioners, which owners shall sustain by reason of the appropriation of such lands to the uses of the Missouri Pacific Railway Company.

"The Mo. Pac. Ry. Co.,
"By Joseph R. Webster, and
"W. E. Stewart,
"*Att'ys for this Proceeding.*"

It is objected, in the brief of counsel, that the petition is insufficient for the reasons that it is not dated, sworn to, nor signed by any officer of the company; because it does not state in what place, manner, or course the defendant located its line of road over plaintiff's premises, or the date of such location, and the petition fails to allege that the defendant is a corporation organized under the laws of this state.

Authority for the appraisement of damages sustained by the land-owner, by reason of the location of a railroad over his premises, is found in section 97 of chapter 16 of the Compiled Statutes.   It provides that "if the owner of any real estate over which said railroad corporation may desire to locate their road shall refuse to grant the right of way through his or her premises, the county judge of the county in which said real estate may be situated, as provided in this subdivision, shall, upon the application of either party, direct the sheriff of said county to summon six disinterested freeholders of said county, to be selected by said county judge, and not interested in a like question, unless a smaller number shall be agreed upon by said parties, whose duty it shall be to carefully inspect and view said real estate and assess the damages, which said owner shall sustain by the appropriation of his or her land to the use of said railroad corporation, and make report in writing to the county judge of said county, who, after certifying the same under his seal of office, shall transmit the same to the county clerk of said county for record, and said county clerk shall file, record, and index the same in the same manner as is provided for the record of deeds in this state,   *   *   *   in pursuance of the statute in such case made and provided.   And if said corporation shall at any time, before they enter upon said real estate, for the purpose of constructing said road, pay to said county judge for the use of said owner the sum so assessed and returned to him as aforesaid, they shall thereby be authorized to construct and maintain their said road over and across said premises; *Provided,* That either party may have the right to appeal from such assessment of damages to the district court of the county in which such lands are situated, within sixty days after such assessment," etc.

It is contended by the defendant that there is no provision of the law which requires that the application for the appointment of appraisers to assess the damages of the

land-owner, shall be in writing. The statute above quoted authorizes the county judge to make the appointment upon the application of either party. While the law does not in express terms state that a written application must be filed, yet it is manifest that the meaning of the law is, that a written petition must be presented to the county judge. The very important nature of the proceeding suggests the impropriety of a verbal application. The petition for the appointment of freeholders to assess the damages should state the name of the railroad corporation seeking to appropriate the real estate, the name of the land-owner, if known, a description of the land over which the railroad is located, the width required for right of way purposes, and that the land-owner refuses to grant the right of way through his premises. There is no law which requires that the petition should be either dated or sworn to, or that it should state the exact location of the line of road through lands sought to be condemned, or the date of the location of such road. In the absence of a statutory provision designating the officer of the corporation who shall sign the petition, it may be signed by any officer thereof empowered by the corporation so to do, or by an authorized attorney. There being no proof to the contrary it will be presumed that the application, in the case at bar, was signed by persons duly empowered to so represent the defendant. While under the constitution and laws of this state a foreign corporation cannot acquire property by eminent domain, it is not necessary to jurisdiction that the application for the appointment of commissioners to appraise the damages of the land-owner should aver that the railway company was organized under the laws of this state. If it is necessary that the application should contain such allegation, when filed by the railroad company, it would likewise be important when the application is made by the land-owner. A corporation may sue and be sued by its corporate name without an averment of the act of incorporation. (*Exchange Natl.*

*Bank v. Capps*, 32 Neb., 242.) The cases relied on by the plaintiff in error to sustain the doctrine that the defendant was compelled to allege its incorporation under the laws of Nebraska, are from states containing statutory provisions unlike those of Nebraska, and the decisions referred to are not to be followed as precedents here. The petition presented to the county judge in every respect complied with the statute relative to the appropriation of real estate for right of way purposes.

It is also urged that there is no proof of any notice of the condemnation proceedings having been given to Trester. Counsel for defendant insist that the statute does not require that notice be given, except to a non-resident land-owner. In this counsel are mistaken. Section 100 of chapter 16 of the Compiled Statutes provides for notice by publication to non-resident owners of land, and section 98 of the same chapter prescribes that the railroad company may have the damages assessed by the commissioners, by giving the owner or guardian ten days' notice in writing, either by personal service, or by leaving a copy thereof at his usual place of residence. The statute contemplates that notice shall be given of condemnation proceedings, and the giving of notice is an essential prerequisite to be complied with by the railroad company before the property of an individual may be appropriated by the corporation, unless waived.

It will be observed that the application filed with the county judge for the appointment of appraisers alleges that personal notice was given to Trester. The plaintiff in error did not, in his petition filed in the district court, tender any issue upon the question of want of notice. The objection, therefore, cannot be considered. (*R. V. R. Co. v. Hayes*, 13 Neb., 489; *Gerrard v. R. Co.*, 14 Id., 271.)

Again, the plaintiff in error by taking an appeal to the district court from the award of the commissioners, en-

tered his appearance and waived all objection as to notice. (*O'Dea v. State*, 16. Neb., 241; *R. Co. v. Patch*, 28 Kan., 470; *Aiken v. Commissioners*, 36 Id., 170; *R. Co. v. Benham*, 28 Mich., 459; *R. Co. v. Allen*, 100 Ind., 409.)

The objection that the appraisers were not properly sworn must be overruled. The plaintiff not only waived the objection by taking an appeal, but no such issue was raised by the pleadings in the court below. The only question passed upon by the appraisers was the amount of damages sustained by the plaintiff. On appeal that question was tried *de novo*, and it was then wholly immaterial whether the appraisers were sworn or not.

After the order of removal of the case to the United States circuit court was made, the cause was tried in the federal court before a jury, a verdict was rendered in favor of Trester for $3,678.81, and judgment was entered thereon. The defendant company pleaded in the state court this judgment in bar. A transcript of the proceedings had in the United States court was introduced in evidence on the trial of the case in the lower court, over the plaintiff's objection and exception. It is claimed that this ruling was erroneous, and prejudicial to the rights of the plaintiff in error. Conceding, for argument's sake, that the entire proceedings in the United States court are a nullity, and that the exemplified copy of the record should not have been received in evidence, we do not see that the plaintiff has any just ground for complaint on account of the transcript of the proceedings being admitted in evidence. The only purpose of its introduction was to establish a bar to the plaintiff's proceedings in the state court. The jury did not give such effect to the judgment of the federal court, but entirely disregarded the same and returned a verdict for the plaintiff. Had a verdict been returned for the defendant the plaintiff would then have been in a position to challenge the ruling of the trial court. But with a verdict in plaintiff's favor, it is obvious that

he was not in any manner prejudiced by the decision of the court here complained of, and it is firmly settled that this court will not reverse a judgment for errors committed which do not affect the substantial rights of the party complaining. This has been too frequently decided by this court to require the citation of authorities.

The plaintiff is in no better position if we regard the proceedings had in the federal court as valid and binding upon the parties, until reversed, vacated, or set aside. If the circuit court had jurisdiction, both parties are concluded by the judgment, and it was a complete bar, when pleaded and proved, to the proceedings in the state court. But the plaintiff cannot complain of the recovery of a judgment in his favor, when, if the judgment of the federal court was a bar, the verdict should have been for the defendant. The defendant company does not ask for a reversal of the judgment, and no complaint is made by the plaintiff as to the amount of the verdict. No reversible error has been pointed out in the record, and the judgment is

AFFIRMED.

THE other judges concur.