Second Congregational Church Society of Omaha
v. City of Omaha.

[Filed June 30, 1892.]

**Estoppel:** Cities: Streets: Change of Grade. When the au-
thorities of a city change the grade of a street, appoint appraisers
to assess the damages of abutting owners, and confirm the award
when returned, the city, on the trial of an appeal taken by the
land-owner from the assessment of damages, cannot urge defects
and irregularities in its own proceedings in changing the grade
to defeat a recovery.

Error to the district court for Douglas county.     Tried
below before Doane, J.

C. A. Baldwin, W. J. Connell, and W. C. Ives, for plaintiff
in error, cited: Huling v. R. Co., 9 Sup. Ct. Rep. [Kan.],
604; Lewis, Em. Domain, sec. 414.

A. J. Poppleton, contra.

Norval, J.

In 1887 plaintiff in error was the owner of lot 2 in
Jacob's addition to the city of Omaha, also parts of lots 35
and 36 in Clark's addition to said city.   All of the afore-
mentioned lots front upon St. Mary's avenue, between
Twenty-sixth and Twenty-seventh streets.   In the year
above stated the city council of Omaha passed an ordinance
changing the grade of Twenty-seventh street from St.
Mary's avenue to Leavenworth street, and that of St.
Mary's avenue between Twenty-sixth and Twenty-seventh
streets.   Appraisers were appointed, who assessed plaint-
iff's damages at $100, and from the award it took an ap-
peal to the district court.   Upon the trial the plaintiff
offered in evidence the ordinance changing the grade, the
appointment of appraisers, their oath and report, and the

proceedings of the city council, confirming the appraisers' report, all of which were excluded by the court. Likewise all testimony offered by the plaintiff to support its claim of damages was excluded, and under the direction of the court the jury returned a verdict for the city.

It is contended by counsel for defendant in error that the proceedings taken by the city in the assessment of damages were so defective as to render the award a nullity, therefore no appeal would lie therefrom, and, as we understand it, this was the view taken by the trial court. The point is made that no legal oath was taken by the appraisers. Each made oath "that he is a resident and freeholder in the city of Omaha in said county, and is not interested in the taking and appropriation of the property and land declared by ordinance No. 82 necessary to be appropriated for the use of said city for changing the grade of Twenty-seventh street from St. Mary's avenue to Leavenworth street, and having been appointed by the mayor, with the approval of the council of said city, as one of the disinterested freeholders of said city to assess the damage to the owners of the property, respectively, to be taken by such appropriation, taking into consideration special benefits, if any, this affiant hereby accepts said appointment, and here makes oath to perform the duties of said appointment with fidelity and impartiality."

It will be observed that the appraisers were not sworn to assess the damages to property abutting on St. Mary's avenue, occasioned by the changing of the grade of that street, but to appraise the damages to owners of property appropriated to the use of the city for the changing of the grade of Twenty-seventh street from St. Mary's avenue to Leavenworth street. Clearly they were not sworn to act upon the property located on St. Mary's avenue, upon which street plaintiff's property abuts. In this respect the oath was insufficient, but the objection could not be urged in the district court on the trial of the appeal taken from

the award of the appraisers.   The land-owner waives the defect by appealing, and the city, by changing the grade, and confirming the appraisers' report, waived its right to object that a valid oath was not taken.  (*Trester v. M. P. Ry. Co.*, 33 Neb., 171.)  Ordinarily, such an appeal is limited to the mere question of damages.  Especially is this true where, as in the case at bar, no pleadings are filed presenting an issue upon matters other than the amount of damages sustained.  To us it appears unjust, inequitable, and contrary to every principle of right to permit the city, after it has damaged property by changing the grade of the street upon which it abuts, to urge defects in its proceedings to defeat an appeal taken by the land-owner to recover a fair compensation for the damages sustained.  To do so would be to allow the city to take advantage of its own wrong after it had accomplished that which it undertook to do, the change of the street grade.  Such a rule courts should not sanction.

What has been said disposes of all objections urged by the city against the regularity of its proceedings.  The court should have received the testimony tendered by the plaintiff on the question of damages.  The judgment is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.