## The East Saginaw & St. Clair Railroad Company v. Henry W. Benham and another.

*Proceedings to condemn lands : Oath of jurors.* In proceedings to condemn lands for the use of a railroad the oath of the jurors is not to be construed by itself, but as a part of the proceedings in which it was taken; and so construed, if every thing the statute requires is embraced, in substance, if not in form, it is sufficient.

*Damages : Joint interest : Waiver.* Where the interest of two persons in the lands sought to be taken is treated as joint by the petition, and they appear jointly, and jointly demand a jury, it is not improper for the jury to award an undivided sum to the two; their own action precludes them from insisting that their interests should have been separately regarded.

*Finding : Public use : Necessity.* A finding by the jury that they "did ascertain and determine that it is necessary for said company to take said real estate for public use, to wit: for the purpose of said company's incorporation as and for right of way," is a sufficient finding that the land was required for the public use.

*Petition : Proceedings to condemn lands for railroad.* The petition in this case is held sufficient in form and substance.

*Notice : Appearance : Waiver.* The want of publication of notice to owners and parties interested cannot be insisted upon on appeal where all concerned have voluntarily appeared in the cause.

*Heard January 6. Decided January 7.*

Appeal from Saginaw Circuit.

These were proceedings under the statute to condemn lands for the use of a railroad. The petition was as follows:

*To the Circuit Court for the County of Saginaw :*

"Your petitioner, the East Saginaw & St. Clair railroad company, respectfully shows that it is a corporation duly organized under the laws of this state for the purpose of constructing, operating and maintaining a railroad from the Saginaw river at South Saginaw, thence through East Saginaw and Vassar to the St. Clair river, a distance of ninety-five miles as near as may be; that the capital stock of said company is one million dollars, of which ninety-five thousand dollars has been in good faith subscribed, of which subscribed capital five per cent. and upwards has been paid in; that it is the intention of your petitioner in good faith

to construct and finish a railroad from and to the places named for that purpose in its articles of association to wit: the places above named; that your petitioner has surveyed the route of its proposed road in said county of Saginaw, has made a map and survey thereof by which said route is designated, has located its said road according to such survey, and has filed a certificate thereof, signed by a majority of its directors, together with such map and survey certified by such directors, in the office of the register of deeds of said county of Saginaw.

"Your petitioner further shows that it seeks to acquire title by special proceedings under this petition to the following real estate situated in said county and state and to no other, viz.: A strip or parcel of land one hundred feet in width, lying fifty feet on each side of the center line of the East Saginaw and St. Clair railroad as located and established, as shown by said map and survey, upon and across the south half of section twenty-eight in town twelve north, of range five east; that said real estate is required for public use, to wit: for the purposes of your petitioner's incorporation in constructing, operating and repairing its said road and the appurtenances thereof, to wit: as and for right of way; and that your petitioner has not been able to acquire title thereto by agreement with the owner for the purchase thereof, for the reason that such owner asks for the same what your petitioner considers an unreasonable price, and refuses to accept the reasonable sum which your petitioner has offered therefor.

"Your petitioner further shows that so far as known to your petitioner, and so far as can with reasonable diligence be ascertained, the only persons who own or have, or claim to own or have any estate or interest in said tract or parcel of land are Henry W. Benham and Mrs. Elizabeth Benham, both of whom reside at the city of Boston in the state of Massachusetts. Your petitioner therefor prays for the appointment of three disinterested and competent freeholders of said county as commissioners to ascertain and

determine the necessity for taking said real estate for the purposes aforesaid, and to appraise and determine the damages and compensation to be allowed to the owners thereof under the laws of this state, and your petitioner will ever pray," etc.

The oath subscribed by the jurors was as follows:

[Title of the court and of the cause.]

" The undersigned jurors summoned in pursuance of an order made in the above entitled proceeding on the 19th day of April, 1873, do solemnly swear, each for himself, that we will justly and impartially ascertain and determine the necessity for taking and using the real estate described in the order aforesaid and in the petition filed in said proceeding, and that if we shall deem the same necessary to be taken, we will ascertain and determine the damages or compensation which ought justly to be made by said East Saginaw & St. Clair railroad company, to the owners of or persons interested in said real estate."

The finding of the jury was as follows:

[Title of the court and of the cause.]

"To the said court, the undersigned freeholders residing in said county of Saginaw, summoned in pursuance of an order made in the above entitled proceeding on the 19th day of April, 1873, to make a jury to ascertain and determine the necessity for taking for public use, to-wit: for the purpose of said railroad company's incorporation, certain real estate which is described as a strip or parcel of land one hundred feet in width, lying fifty feet on each side of the center line of the East Saginaw and St. Clair railroad as located and established, as shown by the map of said railroad on file in the register's office of said county of Saginaw, upon and across the south half of section twenty-eight in township twelve north, of range five east, in the county of Saginaw and state of Michigan, and to appraise and determine the damages or compensation to be allowed to the owners of, or persons interested in said real estate, do respectfully certify and report,

that having met at the court house in Saginaw at nine
o'clock A. M. on the 25th day of April, 1873, and one panel
having been perfected under the direction of the circuit
judge of said county, we severally took the oath pre-
scribed by law and heard the proofs and allegations of the
respective parties, the East Saginaw and St. Clair railroad
company appearing by Mr. George K. Newcombe, its
attorney, and the respondents, Henry W. Benham and
Elizabeth A. Benham, appearing by Perkins and Edget,
their attorneys, and thereupon proceeded to view the prem-
ises above described; that after the testimony in said
cause was closed, after hearing the parties, viewing the said
premises and maturely considering the matters aforesaid,
and before proceeding to the examination of any other claim,
being all present and acting, we did ascertain and determine
that it is necessary for said East Saginaw and St. Clair
railroad company to take said real estate for public use,
to-wit, for the purpose of said company's incorporation as
and for right of way; and we did further ascertain and
determine that the damages and compensation which ought
justly to be made by said railroad company to the owners
of, or parties interested in said real estate, as well for the
value of the same as for the damages resulting from such
taking, is the sum of one thousand dollars; all of which
is respectfully submitted."

The claimants appealed.

*W. L. Webber*, for the petitioner.

*Perkins & Edget*, for the claimants.

COOLEY, J.

None of the objections made to the proceedings to con-
demn land in this case appear to us well taken.

The oath of the jurors is not to be construed by itself,
but as a part of the proceeding in which it was taken;
and so construed, everything the statute requires is there
in substance if not in form.

EAST SAGINAW & ST. CLAIR R. R. COMPANY *v*. BENHAM.

The report of the jury was correct in awarding an undivided sum to the two claimants. The petition treated their interest as joint; they appeared jointly, and jointly demanded a jury. Their own action precludes them from insisting that their interests should have been separately regarded.

There is no defect in the finding that the land was required for the public use. The jury report specifically on that point, and meet fully the objection held to be fatal in *The Mansfield &c. Railroad Company v. Clark, 23 Mich., 523.*

The petition we think sufficient in form and substance; and the want of publication of notice to owners and parties interested cannot be insisted upon where all concerned voluntarily appear.

Proceedings affirmed.

GRAVES, CH. J., and CAMPBELL, J., concurred.

CHRISTIANCY, J., did not sit in this case.