THE TOLEDO, ANN ARBOR & NORTHERN MICHIGAN RAILROAD COMPANY v. ITHIEL L. MUNSON AND CHARLES G. MUNSON.

*Condemnation of land for railway uses—Jurisdictional defects—Description of land to be taken—Compensation.*

1. The statutes of eminent domain must be followed strictly; and in proceedings under them it must appear affirmatively that the course they prescribe has been substantially adhered to.

2. An appeal from an order confirming the award of damages in con-

demnation proceedings brings up the case as it stood before such confirmation, and jurisdictional defects will defeat the proceedings at any stage, whether relied on or not.

3. A petition for the condemnation of land for railway purposes is jurisdictionally defective if it only describes the land as a strip 100 feet wide, commencing on the east line of the W. ½ of the S. W. ¼ of sec. 22, running N. 59° 10′ W. across certain designated governmental subdivisions, and lying 50 feet on each side of the centre line of a specified railroad as located by a certain survey and indicated by stakes. And a report by the jury, which describes the land in this way and gives no map and does not name, as far as possible, the owners of land to be condemned, will not sustain an award.

4. An award of damages in condemnation proceedings is invalid if, without the consent of the parties, it gives compensation on any but a money basis.

Appeal from Shiawassee. (Probate Court.) May 6.—May 13.

Proceedings to condemn land. Respondents appeal. Proceedings quashed.

*Griswold & Densmore* and *James M. Goodell* for appellants.

*Wilkinson & Post* and *G. R. Lyon* for petitioner appellee, cited as to evidence in reduction of damages in proceedings to condemn, *March v. Portsmouth & Concord R. Co.* 19 N. H. 372; *Nason v. Woonsocket Union R. Co.* 4 R. I. 377; *Rondout & Oswego R. Co. v. Deyo* 5 Lans. 298; *Jacksonville & Savanna R. Co. v. Kidder* 21 Ill. 131; *St. Louis, Jacksonville & Chic. R. Co. v. Mitchell* 47 Ill. 165; *St. Joseph & Denver City R. Co. v. Orr* 8 Kan. 419; *Re New York & West Shore R. Co.* 89 N. Y. 453; *Butler v. Sewer Com'rs* 39 N. J. L. 665; *Pennsylvania R. Co. v. Reichert* 58 Md. 261; *Ruel Morse, Petitioner &c.* 18 Pick. 443; *New Orleans Pacific R. Co. v. Murrell* 34 La. Ann. 536; *Chesapeake & Ohio R. Co. v. Patton* 6 W. Va. 147; *Railroad Co. v. Halstead* 7 W. Va. 301; *Chic., Mil. & St. Paul R. Co. v. Melville* 66 Ill. 329; *Windsor v. Field* 1 Conn. 279; *Hill v. Mohawk & Hudson R. Co.* 7 N. Y. 152; *Central Ohio R. Co. v. Holler* 7 Ohio St. 220.

CHAMPLIN, J. This is an appeal from the probate court of Shiawassee county, in proceedings taken by plaintiff to

condemn the lands of defendants for the use of its railroad. In proceedings based upon the right of eminent domain it is well settled that every material requirement of the statute must be strictly followed, and the proceedings must show affirmatively substantial adherence to the course therein prescribed.    An appeal from the confirmation of the report of an assessment of damages by jury, brings up the case as it stood before the court confirmed the report (*Peninsular Ry. Co. v. Howard* 20 Mich. 18); and while under the present statute the notice of appeal must point out the errors and objections to the proceedings had in the premises, all others being deemed to have been waived, and while the statute required the Supreme Court to pass upon those only, yet jurisdictional defects may be noticed at any stage of the proceedings, for the reason that if the court proceeds without jurisdiction, the whole proceedings are null and void; and it would be of no avail to send the matter back for further proceedings before the court or another jury.    It is therefore proper here to point out that the petition filed as the foundation of these proceedings, as decided by this Court in the case of *Chicago & M. L. S. R. Co. v. Sanford* 23 Mich. 418, was insufficient to confer jurisdiction, because it did not comply with the requirement of the statutes prescribing what such petition should contain.    The law requires that each distinct parcel of land shall be described, and the owner thereof, if known, shall be named.

In the case referred to above, the petition, instead of describing the several parcels of lands, described the government subdivisions across which the line of the road was laid, as surveyed and located by the railroad company, reference being had to the map and survey thereof on file in the county register's office.    It also stated with precision the starting point, which this petition does not do, and thence gave the survey by course and distance to the point of departure from the lands, and located such point.    The following is the description contained in the petition before us in this case :    "A strip or parcel of land one hundred feet in width, commencing on the east line of the west half of the

southeast quarter of section twenty-two, and running thence north 59 degrees, 10 minutes west, across the west half of the southeast quarter and the southwest quarter of said section twenty-two, township eight north, range one east, and lying fifty feet on each side of the center line of the Toledo, Ann Arbor & North Michigan Railroad, as located and established as shown by said map and survey, and staked out upon and across said section; that the stakes are standing and placed in said parcels or strips of land to mark the line of said track; are in center line of the strips or parcels of land so proposed to be taken."

This infirmity extends throughout the whole proceedings. In the reports of the jury no definite description of the land taken from each owner is given, but simply a parcel of land 100 feet wide, lying 50 feet on each side of the center line of the Toledo, Ann Arbor & Northern Michigan Railroad, as located and established as shown by its map and survey, and staked out on said land, commencing on the east line of the southwest quarter of ,section 22, township 8 N., range 1 E., in said county, and running thence north 59 deg., west across said southwest quarter. The survey and map are not made a part of the report, and there is nothing to show whether the survey contains any data whereby the line can be found.

The foregoing is the description of Charles G. Munson's land, and that relating to Ithiel L. Munson is equally indefinite. But aside from this, the report of the jury and the order confirming the same cannot be supported. The jury, in awarding compensation to Charles G. Munson, did not do so on a money basis, but awarded that the damage and compensation which ought justly to be made by said railroad company to the owners or parties interested in said real estate, as well for the value of the same as for the damages resulting from such taking, is the sum of $125, and the construction of a wagon bridge across the cut in the most convenient place for said Charles G. Munson. This they had no authority to do without the assent and agreement of both parties. They could neither bind the company to construct a wagon

bridge, nor compel Munson to accept such service as part compensation for his land appropriated for the company's use. The like error pervades the report of the jury in the case of Ithiel L. Munson, as appears from the following extract from their report: "And we did further ascertain and determine that the damage and compensation which ought justly to be made by said railway company to the owners or parties interested in said real estate, as well for the value of the same as for the damages resulting from such taking, is the sum of $125, and a public cattle runway under the railroad track, and suitable over-crossings at points most convenient for the said Ithiel L. Munson." But worse than all this, the jury awarded to Ithiel L. Munson the damages and compensation for the land taken from Charles, and then allowed and awarded damages and compensation to Charles G. Munson for the land taken from Ithiel; and the order of the probate court confirms the report of the jury, errors included. No part of the proceedings can be sustained, and an order must be entered vacating and setting them aside, with costs.

The other Justices concurred.