## GOTTLIEB BANTLEY V. ELIAS BAKER ET AL.

FILED DECEMBER 18, 1900. No. 9,335.

1. **Clerk of Court: FIDUCIARY CAPACITY: ORDER OF COURT: RECEIVING MONEY.** Money paid to the clerk of the court pursuant to an order or judgment of the court is received by such clerk in his official capacity.

2. ——: ——: ——: NOTES IN CUSTODIA CLERICI. Where, in an action for specific performance, the decree provides that notes evidencing part of the purchase price shall be deposited with the clerk of the court pending the execution of a deed by the vendor, such clerk is neither charged with the duty, nor given the right, to collect or receive in his official capacity the money due upon the notes.

3. **Decree:** NON-PERFORMANCE OF CONDITION: CONTRACT OF SALE: SPE-
CIFIC EXECUTION: DEFENSE. The non-performance of some con-
dition in a decree for the specific execution of a contract of
sale is no defense to an action against the clerk of the court
for conversion of money paid to him in accordance with the
requirements of the decree, if it be made to appear that the
party for whose benefit the condition was inserted has
waived it.

4. **Action on Official Bond:** LIMITATION. An action on an official bond
is not barred until the expiration of ten years from the time
the cause of action accrued.

ERROR from the district court for Lancaster county.
Tried below before CORNISH, J.    *Reversed.*

*C. H. Bane* and *A. A. Altschuler,* for plaintiff in error.

*Morning & Berge, contra.*

SULLIVAN, J.

This was an action by Gottlieb Bantley upon the offi-
cial bond of Elias Baker, who was at one time clerk of
the district court of Lancaster county. The defendants
demurred to the petition on the ground that it was de-
ficient in substance. The court sustained the demurrer
and, the plaintiff having declined to amend his plead-
ing, judgment on the merits was given against him. It
appears from the record that in 1882 Richard C. McWil-
liams obtained a decree in said court against Bantley
enforcing specifically a contract of sale. That decree,
so far as it is material in this case, is as follows: "And
this cause then coming on to be heard upon the petition
and proofs the court finds that the plaintiff is entitled
to the specific execution of the contract set forth in said
petition, and thereupon the plaintiff produces in court
the sum of $900 and the three several promissory notes
of plaintiff in the sum of $500 each, each payable on or
before one, two and three years from their date, respect-
ively, and dated the fifteenth (15th) day of June, A. D.
1882, with interest at seven (7) per centum per annum,

secured by purchase money mortgage on said premises, and said sum of money and said notes, and mortgage are by the court directed to be paid to and filed with the clerk of this court, and the same is by the plaintiff so done and thereupon it is by the court considered that said defendant convey the premises described in said petition, to-wit: The southeast quarter of section twenty-four (24)) in township numbered ten (10) north of range seven (7) east of the sixth principal meridian, by good and sufficient warranty, and with release of dower free from incumbrances, and with good title, and that in default thereof that this decree shall have the same operation and effect as such deed. That upon defendant making and delivering such deed the clerk pay to the defendant said sum of money and deliver him such notes and mortgage; but that said money, notes and mortgage remain in control of the clerk until such deed be made and delivered, and that plaintiff recover of and from the defendant his costs herein expended, taxed at $....." The money, notes, and mortgage mentioned in the decree were immediately turned over by McWilliams to A. D. Burr, who was clerk of the district court for Lancaster county during the years 1882 and 1883. The amount due upon the note first maturing was afterwards paid to Burr during his official term, and the amounts due upon the other notes, were paid to his successor, Edward R. Sizer. Baker succeeded Sizer and on January 9, 1892, received from him all the money paid by McWilliams to either Burr or Sizer for the use of Bantley. This money having been converted by Baker to his own use, the plaintiff seeks in this action to recover of his bondsmen. The main defense relied upon by the sureties is that the money in question was not received by their principal by virtue of his office as clerk of the district court. That money paid to the clerk of the court pursuant to an order or judgment of the court is received by the clerk in his official capacity, is no longer a disputable proposition in this state. *Wheeler v. Barker*, 51

Nebr., 846; *Dirks v. Juel*, 59 Nebr., 353. The $900 mentioned in the decree came into the possession of Burr by virtue of his office, and it was his duty to hand it over to his successor. When it came into Baker's custody, his duty with respect to it was an official duty, for a breach of which his sureties are liable. But in regard to the money paid by McWilliams upon the notes, we reach a different conclusion. The clerk was required by the decree to file the notes and mortgage and keep them in his office until Bantley should execute a proper deed. He was then to deliver them to Bantley. Under no circumstances was the clerk required to collect the notes or receive payment of the same. In receiving payment of them he was, therefore, not engaged in the performance of a duty imposed by law or contemplated by the decree. The money paid upon the notes was not held by Sizer in his official capacity, and hence Baker had no right, and was under no obligation, to receive it as clerk of the court. Not being charged by law with the custody of these funds, his sureties are not liable for his default.

The claim that this action was barred by limitation is without merit. This court is, by *Merriam v. Miller*, 22 Nebr., 218, and *Alexander v. Overton*, 22 Nebr., 227, committed to the doctrine that an action on an official bond may be commenced within ten years from the time the right to sue accrued. The present cause of action did not accrue until Baker converted the $900 to his own use. Prior to that event there was no breach of the bond. There was never a right of action in favor of the plaintiff on the official bond of either Burr or Sizer for the $900, because they were guilty of no official misconduct in connection with it. *Barker v. Wheeler*, 60 Nebr., 470.

It is said that the plaintiff has not complied with the conditions of the decree and is, therefore, not yet entitled to recover the $900 paid to the clerk for his use by McWilliams. Upon this point it is sufficient to say that the condition of the decree was for the benefit of

McWilliams, and that, according to the averments of the petition, he has waived it.

The judgment is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

HOLCOMB, J., took no part in the opinion.