CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, APPELLANT, V. NEBRASKA STATE RAILWAY COMMISSION ET AL., APPELLEES.

FILED JANUARY 9, 1911.   No. 16,707.

Railroads: CROSSINGS: POWERS OF RAILWAY COMMISSION. The state railway commission has no authority to order a railway company to construct a crossing over its railway at a point within the limits of a village where no street has been opened.

APPEAL from the district court for Lancaster county: ALBERT J. CORNISH, JUDGE. *Reversed with directions.*

M. A. Low, P. E. Walker, E. P. Holmes and G. L. De Lacy, for appellant.

William T. Thompson, Attorney General, and Grant G. Martin, contra.

240      NEBRASKA REPORTS.      [Vol. 88

Chicago, R. I. & P. R. Co. v. Nebraska State Railway Commission.

ROOT, J.

In April, 1907, the trustees of the village of Hallam, acting under subdivisions 27 and 28, sec. 69, art I, ch. 14, Comp. St. 1907, condemned a right of way for a village street over the right of way and railway tracks of the Chicago, Rock Island & Pacific Railway Company. Subsequently a complaint was filed in the office of the Nebraska state railway commission to compel the railway company to "open up said public street and place a crossing across its said line of railway over said street, so that said street may be used by the citizens of Hallam and the traveling public in said village." The railway company answered, challenging the jurisdiction of the commission over the subject matter of the controversy, and contending that all and singular the condemnation proceedings are void, and that the statute under which the village trustees acted is unconstitutional. After a hearing upon the merits, the commission ordered the railway company "to construct and thereafter maintain a suitable crossing, including such culverts, approaches and planking as may be necessary, over its roadbed and track where Walnut street in the village of Hallam, Nebraska, intersects the same, and in the construction and maintenance of said crossing to do all that is required in providing a safe and suitable highway by reason of the construction of the railroad roadbed and track." Thereupon the railway company commenced an action in the district court for Lancaster county to annul said order. Issues were joined, and upon a hearing there was judgment for the commission. The railway company appeals.

The principal arguments relate to the jurisdiction of the commission over the subject matter of the complaint. The commission contends that by virtue of the amendment to the constitution creating the railway commission and the enactment of chapter 90, laws 1907 (Comp. St. 1907, ch. 72, art. VIII) it has exclusive original jurisdiction over the contention between the authorities of the

village of Hallam and the railway company. *State v. Chicago, B. & Q. R. Co.*, 29 Neb. 412, is also cited by the attorney general. At the time the amendment to the constitution was adopted, and subsequently when the railway commission statute was enacted, the statutes provided that village trustees might by ordinance create, open, widen, extend, improve and vacate streets within the village limits, "and to take private property for public use:  *  *  *  Provided, however, that in all cases the city or village shall make the person or persons, whose property shall be taken or injured thereby, adequate compensation therefor, to be determined by the assessment of five disinterested householders, who, shall be elected and compensated as may be prescribed by ordinance and who shall in the discharge of their duties act under oath," etc. Comp. St., ch. 14, art. I, sec. 69, subds. 27, 28, *supra.*

Acting under this grant of power, the trustees of the village of Hallam by ordinance extended Walnut street by condemning a right of way across the railway company's right of way, and the company's damage was ascertained by five householders of the village elected in conformity to the provision of the ordinance. If the statute, the ordinance and the proceedings thereunder are lawful, the village authorities by legal process can compel the railway company to relax its exclusive control over the right of way thus condemned, and to construct a safe and suitable crossing over its railway. The authority granted the trustees to locate and open streets is administrative in its character, and its exercise, when pursued within the limitations of the law, should not be reviewed by the courts. *Otto v. Conroy*, 76 Neb. 517; *Stone v. City of Nebraska City*, 84 Neb. 789. Notice, however, must be given the property owner so that he may appear before the apprai  rs and protect his rights. *Wilber v. Reed*, 84 Neb. 767. The legislature may authorize a municipality to enact an ordinance defining a reasonable procedure for the exercise of its authority. *State v. Cosgrave*, 85 Neb. 187; *Paulsen v. Portland*, 149 U. S. 30, 38. This the

19

trustees attempted to do. The amendment to the constitution provides: "The powers and duties of such commission shall include the regulation of rates, service and general control of common carriers as the legislature may provide by law. But in the absence of specific legislation the commission shall exercise the powers and perform the duties enumerated in this provision." The act of 1907, *supra,* among other things, provides: "Section 2. (*b*) Said commission shall have the power to regulate the rates and services of, and to exercise a general control over all railroads * * * engaged in the transportation of freight or passengers within the state. (*c*) Said commission shall investigate any and all cases of alleged neglect or violations of the laws of the state by any railway company, * * * subject to the provisions hereof, doing business in this state, or by the officers, agents or employees thereof, and take such action with reference thereto as may be provided herein, or under the laws of this state providing for the regulation of railway companies. * * * (*i*) The said commission shall have power to examine into and inspect, from time to time, the condition of each railway, or common carrier, its equipment, and the manner of its conduct and management with regard to the public safety and convenience in the state." Section 110, ch. 78, Comp. St. 1907, provides that any railroad corporation whose railway crosses "any public or private road shall make and keep in good repair good and sufficient crossings on all such roads including all the grading, bridges, ditches and culverts that may be necessary, within their right of way."

The commission statute, being general in its scope, repeals by implication all earlier statutes in conflict therewith; it is remedial in character, and should be liberally construed, but neither by direct language nor fair implication does it vest the commission with power to compel a railroad company to permit any part of its right of way to be used for a village street. The statute was enacted for practical purposes, and should not be construed so as

to encourage suitors to engage in fruitless contests before the commission, and thereby divert its energies from the important legitimate subjects which demand its undivided attention. In the instant case any order the commission might make will be a vain thing. If the crossing is constructed the public will not thereby secure any relief, because the railway company controls all approaches thereto. We do not question the commission's authority to inspect railway crossings and to compel a railway company to construct them so as to safeguard the lives of passengers and employees upon its cars, but no such contention exists in the case at bar. The evidence introduced before the commission and in the district court is before us, and it clearly appears therefrom that the commission tried the question of whether public interest dictated that Walnut street should be opened across the railway company's right of way. We are convinced the legislature did not intend to withdraw from village and city authorities the jurisdiction theretofore granted them over this subject. *East St. Louis R. Co. v. Louisville & N. R. Co.,* 149 Fed. 159. The precise point now considered was not presented in *State v. Chicago, B. & Q. R. Co.,* 29 Neb. 412. That case refers to a statute subsequently held invalid, and the judgment is controlled by the provisions of section 110, ch. 78, Comp. St. 1907, *supra,* which by express terms is limited to country roads, and does not refer to streets in villages or cities. Neither does *Chicago, R. I. & P. R. Co. v. Nebraska State Railway Commission,* 85 Neb. 818, sustain the attitude assumed by the commission in the case at bar. In the reported case we approved an order made to compel the carrier to furnish its patrons a station and accessories for the receipt and discharge of passengers and freight. In the instant case, if the proceedings in condemnation are valid, the village has an adequate remedy by mandamus, one it will be compelled to pursue should the order of the commission be affirmed and the railroad build the crossing, but refuse to permit travel over its right of way. If, as the railroad company con-

tends, the condemnation proceedings are void, either because the statute is unconstitutional or because its provisions have not been observed, the commission can enter no order to aid the one it has made upon the complaint filed in the case at bar. We should not presume that the legislature intended the commission to devote its valuable time to such inconclusive proceedings.

The judgment of the district court therefore is reversed, with directions to enter an order dismissing the proceedings before the commission.

REVERSED.

REESE, C. J., not sitting.