MATTHEW J. CLARKE, APPELLEE, v. NEMAHA VALLEY DRAINAGE DISTRICT NO. 2, APPELLANT.

FILED JUNE 18, 1915.  No. 18192.

Eminent Domain: CONDEMNATION PROCEEDINGS: APPEAL: EVIDENCE. In an appeal to the district court from an award made by appraisers under condemnation proceedings, tried without pleadings and upon the transcript from the county court, matters which the appraisers could not have properly considered to enhance the amount of the award are not proper to be given in evidence or considered by the jury.

APPEAL from the district court for Nemaha county: JOHN B. RAPER, JUDGE. *Affirmed on condition.*

*Kelligar & Ferneau,* for appellant.

*C. F. Reavis* and *Neal & Armstrong, contra.*

LETTON, J.

Appraisers were appointed under *ad quod damnum* proceedings prosecuted for the appellant drainage district to appraise damages to the land of appellee. An appeal was taken from their award to the district court. Pleadings were filed in that court, which were afterwards withdrawn, and the case tried to a jury upon the transcript from the county court.

During the trial, after testifying to the quantity of land taken and its reasonable value, the appellee was asked: "I will ask you to state what, if any, assessment you have paid to the defendant upon your land in sections 9 and 4." This question was objected to as incompetent, not a proper measure of damages, not a matter at issue in the case, and not within the pleadings. The objection was overruled. Other evidence was admitted over objection along the same line. The court instructed the jury that, in addition to the fair market value of the land taken the plaintiff was entitled to recover the assessment paid by him on the land so taken. The jury returned a general verdict and special findings. The special findings set forth the amount of the land taken, and the value per acre, and also that "we allow said plaintiff $96.38 as special tax paid by him on sections 9 and 4, and $21.37 as special tax paid by him on section 30, * * * and $32.76 as special tax paid by said plaintiff on section 31."

The appellant complains that the amount of special taxes paid is not within the issues in this proceeding, nor a part of the true measure of damages; that the only matters which can be considered in the district court on appeal from the award of a board of appraisers are those which the board of appraisers are entitled to consider, and those alone. This question has already been settled in this court. In Burlington & M. R. R. Co. v. Schluntz, 14 Neb. 421, it is said: "The appeal brought to the district court, for decision by a jury, precisely the same questions that were covered by the award, and none other. Matters which the commissioners could not properly have considered to enhance the amount of their award were not proper to be given to the jury to affect their verdict." In Gerrard v. Omaha, N. & B. H. R. Co., 14 Neb. 270, and in Trester v. Missouri P. R. Co., 33 Neb. 172, it is held that, on an appeal to the district court from the appraisement of damages, if other issues than the question of damages are involved, they must be presented by proper pleadings.

Both parties concede that, in case the appellant's contention is sustained, it will be unnecessary to set aside the judgment to its full extent.

The judgment of the district court is reversed, unless appellee file a remittitur of the amount found due for special taxes paid within 40 days, in which case the judgment will be

AFFIRMED.

HAMER, J., not sitting.