JACK WEBBER ET AL., APPELLANTS, V. CITY OF SCOTTSBLUFF, NEBRASKA, APPELLEE.

50 N. W. 2d 533

Filed December 21, 1951. No. 33036.

*Mothersead, Wright & Simmons,* for appellants.

*Jack E. Lyman,* for appellee.

Heard before CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

WENKE, J.

This is an appeal by Jack Webber and Mamie Webber from an order of the district court for Scotts Bluff County overruling their motion. The purpose of the motion was to have the district court for Scotts Bluff County enter an order finding that the city of Scottsbluff had obtained no interest in their lands by reason of the proceedings taken under its ordinance No. 739.

This appeal arises out of the same condemnation proceedings as were involved in Webber v. City of Scottsbluff, 150 Neb. 446, 35 N. W. 2d 110, being case No. 32440. It will be herein referred to by that number. Therein we affirmed the judgment of the district court based on a jury's verdict assessing the amount of damages to be paid for the land taken from the appellants by reason of ordinance No. 739.

Chronologically the history relating to the city of Scottsbluff seeking to take appellants' land for a public use is as follows: On June 17, 1947, the city passed and approved ordinance No. 739 to appropriate certain property which it therein determined to be necessary for the use of the city for sewers, water mains, streets, and boulevards. This ordinance described by metes and bounds nine separate tracts that were needed for that purpose. Included therein was tract No. 6, being land owned by appellants, which is the property herein* involved. The ordinance appointed three disinterested freeholders of the city of Scottsbluff to assess the damages for each tract of land appropriated and directed them to meet on July 24, 1947, at the hour of 10:00 a. m.

at the office of the city clerk of the city for that purpose. Ordinance No. 739 was published in the Scottsbluff Daily Star-Herald on June 20, 1947. The three assessors appointed by the city to assess damages for the property being taken filed their report with the city on July 24, 1947. Therein they set forth that on July 24, 1947, at 10:00 a. m., they met at the office of the city clerk and proceeded to assess the damages for the lands appropriated by the city, including tract No. 6 which belonged to appellants. The report shows they assessed the damages for tract No. 6 in the total sum of $2,854 and apportioned it as follows: $1,427 to Jack Webber and $1,427 to Mamie Webber. Upon the filing of the appraisers' report the mayor and council of the city, on August 5, 1947, passed and approved a resolution by which the city approved the amounts of damage allowed with respect to each of the nine tracts and directed the city treasurer to pay to the parties, as shown by the report, the amounts due them. It also provided, in the event any of the parties refused to accept such sum, that the amount so refused be deposited with the city treasurer subject to their order. Warrants were issued to each of the appellants for the amount of their damages. Appellants refused to accept payment and returned the warrants. The warrants were thereupon canceled and the amount thereof was deposited to the account of the condemnation.

On August 7, 1947, appellants filed in the office of the city clerk their notice of appeal to the district court for Scotts Bluff County. Therein they set forth they were appealing from the assessment of damages made by the assessors appointed for that purpose and whose report had been approved by the city on August 5, 1947. This appeal was lodged in the district court on August 14, 1947. On appeal to the district court the trial resulted in a verdict for appellants in the amount of $6,463.25. Motion for new trial was filed and overruled. On appeal therefrom to this court the judgment on the verdict was

affirmed and mandate to that effect, dated December 24, 1948, was filed in the office of the district clerk for Scotts Bluff County on December 27, 1948. On September 20, 1949, the city council directed payment to be made of this judgment to the clerk of the district court for Scotts Bluff County and, as a result thereof, there was paid to the clerk of the district court for Scotts Bluff County on September 21, 1949, the sum of $7,153.74, being the amount of the verdict with interest to that date and costs of the proceeding.

The city took possession of this land sometime in January 1950 and made some improvements thereon. This was prior to May 17, 1950, the date the motion, the overruling of which is herein appealed from, was filed.

The record shows there has been no abandonment of this proceeding by the city and that it has, within a reasonable time, taken possession of the property and is proceeding to improve it for the public use for which it was taken.

Before discussing the particular questions herein raised by appellants it would be well to state certain general principles which relate to the subject matter of this appeal.

"Since statutes prescribing proceedings for the condemnation of property and the assessment of compensation are in derogation of general right and of common-law modes of procedure, they must be strictly construed against the condemnor and in favor of the landowner, * * *." 29 C. J. S., Eminent Domain, § 214, p. 1135.

"Proceedings to subject the property of another for public use under the doctrine of eminent domain must be conducted in the manner prescribed by the statute delegating the power." Spencer v. Village of Wallace, 153 Neb. 536, 45 N. W. 2d 473. See, also, State ex rel. Nelson v. Butler, 145 Neb. 638, 17 N. W. 2d 683.

"* * * but they should not be so strictly construed as to defeat the purpose sought to be accomplished." 29 C. J. S., Eminent Domain, § 214, p. 1136.

"When it comes to the stage of compensating the owner of the property by ascertaining the value of the property taken, or damaged, this requires the exercise of judicial functions." In re Appraisement of Omaha Gas Plant, 102 Neb. 782, 169 N. W. 725.

"The owner of the property to be condemned is entitled to notice of the proceedings and an opportunity to protect his rights." 29 C. J. S., Eminent Domain, § 242, p. 1212.

"* * * the proceeding is in its nature judicial, and therefore, in determining whether or not the notice provided is sufficient, the principle governing such proceeding should govern." Albin v. Consolidated School District, 106 Neb. 719, 184 N. W. 141.

" '* * * The due process clause does not guarantee to a citizen of a State any particular form or method of state procedure. Its requirements are satisfied if he has reasonable notice, and reasonable opportunity to be heard and to present his claim or defence, due regard being had to the nature of the proceedings and the character of the rights which may be affected by it.' (Missouri ex rel. Hurwitz v. North, 271 U. S. 40, 46 S. Ct. 384.)" May v. City of Kearney, 145 Neb. 475, 17 N. W. 2d 448.

Appellants call our attention to the fact that in No. 32440 we stated that a judgment had been rendered on the verdict and affirmed such judgment, whereas, the record in that case does not show such to be the fact. It is true the transcript in No. 32440 does not show a judgment was rendered thereon by the court but only that the verdict was filed by the clerk of the court. However, both appellants and appellees in No. 32440 considered such judgment had been rendered. This is shown by their respective briefs. Appellants in their notice of appeal therein stated: "The above named plaintiffs, Jack Webber and Mamie Webber, * * * hereby appeal to the Supreme Court of the State of Nebraska, from the judgment entered in favor of said plaintiffs on the 10th

day of December, 1947, and from the order entered on the 5th day of January, 1948, overruling their motion for a new trial." It was the duty of the clerk of the court to have rendered such judgment when the verdict was received and filed by him. See section 25-1313, R. R. S. 1943, and Crete Mills v. Stevens, 120 Neb. 794, 235 N. W. 453. Whether or not the clerk failed to do so the record does not affirmatively show.

Condemnation is a special statutory proceeding. 29 C. J. S., Eminent Domain, § 209, p. 1127; Pierce v. Platte Valley Public Power & Irrigation Dist., 143 Neb. 898, 11 N. W. 2d 813; Oklahoma City v. Wells, 185 Okl. 369, 91 P. 2d 1077, 123 A. L. R. 662; Todd v. Atchison, T. & S. F. Ry. Co., 134 Kan. 459, 7 P. 2d 79; State v. Williams, 12 Wash. 2d 1, 120 P. 2d 496; City of Lebanon v. Public Service Co., 214 Ind. 295, 14 N. E. 2d 719; Epperson v. Johnson, 190 Okl. 1, 119 P. 2d 818. Consequently, section 25-1902, R. R. S. 1943, is applicable thereto.

But assuming, as appellants state, that no judgment has been rendered on the verdict and that the appeal in No. 32440 involved only the correctness of the jury verdict determining the value of the land involved, we think it will not benefit him in this appeal. It should here be stated that no pleadings were filed by appellants on appeal to the district court and consequently the only question raised by the appeal was the amount of damages. Pierce v. Platte Valley Public Power & Irrigation Dist., *supra*. As held in Trester v. Missouri P. Ry. Co., 33 Neb. 171, 49 N. W. 1110: "On appeal to the district court from the appraisement of damages, if other issues than the question of damages are involved, they must be presented by proper pleadings." See Clarke v. Nemaha Valley Drainage District, 98 Neb. 549, 153 N. W. 584.

As to all questions rising prior to the appeal and verdict, the following rule is applicable: " '* * * jurisdictional defects may be noticed at any stage of the proceedings, for the reason that if the court proceeds with-

out jurisdiction, the whole proceedings are null and void.' (Toledo, A. A. & N. M. R. Co. v. Munson, 57 Mich. 42, 23 N. W. 455.)" Platte Valley Public Power & Irrigation Dist. v. Feltz, 132 Neb. 227, 271 N. W. 787. See, also, County of Douglas v. Feenan, 146 Neb. 156, 18 N. W. 2d 740, 159 A. L. R. 569. As to those arising subsequent to our affirmance and mandate they could be raised directly in the proceeding.

Two questions are raised by the appellants with reference to the appraisal of their property: First, that the ordinance did not set forth the time and place where the assessors appointed were to meet and make their appraisal. Second, that insufficient notice was given to appellants. The second involves two questions: Namely, that the ordinance did not name the landowners whose lands were being taken and that service by publication was not sufficient.

It should be understood that this is not a case where the statutes granting the power of eminent domain have failed to provide adequate provisions in its condemnation procedure to secure to the citizen whose property is being taken a day in court to have its value determined within the due process clause of both the state and federal constitutions as the provisions of section 16-602 and 16-603, R. S. 1943, are adequate for that purpose. Nor is it an action brought to enjoin the proceedings. It presents a situation where the issues are: Has the city, in taking the appellants' property, sufficiently complied with the statutory provisions and, if not, have appellants waived such deficiency by appealing from the award of the assessors to the district court for Scotts Bluff County pursuant to section 16-645, R. S. 1943, and therein raised only the issue relating to the question of damages?

Appellants contend the ordinance does not provide a time and place for a meeting of the assessors to fix the value of the property taken. In this respect the ordinance provides as follows: "* * * said assessors

shall meet on the 24th day of July, 1947, at the hour of 10 o'clock A. M., at the office of the City Clerk of said city and after taking the oath required by law shall proceed from said point to view the property above appropriated and they shall on the same day, or as soon thereafter as practical, make, file and return to the City Clerk in writing a just and fair assessment of the damages for each piece and lot of property, the whole or part of which is so appropriated and where there is more than one party having interest in a piece of property or lot the damages shall be by them justly apportioned and stated to each." This language is almost the exact language of section 16-602, R. S. 1943, insofar as that statute is applicable thereto. No doubt the language setting forth the time and place for the assessors to meet and fix the amount of damages each of the landowners would have by the taking of a part of their lands could have been more clearly stated but certainly no one would be misled thereby. It was at the office of the city clerk at 10:00 a. m., on July 24, 1947. At most it could be nothing more than an irregularity that was waived by not raising it when appeal was taken to the district court.

Appellants owned and resided on lands just outside of the city but adjacent thereto. Tract No. 6 of the lands taken by the city is a part of these lands.

The ordinance provided for the publication thereof in one issue of the Scottsbluff Daily Star-Herald. Publication thereof was made in the issue of that paper published on June 20, 1947. The ordinance provides that such publication shall be sufficient notice to all owners whose lands are being taken who reside outside the city but that a copy of such paper shall be delivered to each of the owners residing in the city, but if not found, to some person at their residence. The provisions for service provided in the ordinance are in accordance with section 16-603, R. S. 1943.

"It is almost universally held, however, that notice

by publication or posting is sufficient, even with respect to persons residing within the jurisdiction where the proceedings are pending." 11 McQuillin, Municipal Corporations (3d ed.), § 32.124, p. 549.

"Notice, however, must be given the property owner so that he may appear before the appraisers and protect his rights. Wilber v. Reed, 84 Neb. 767. The legislature may authorize a municipality to enact an ordinance defining a reasonable procedure for the exercise of its authority. State v. Cosgrave, 85 Neb. 187; Paulsen v. Portland, 149 U. S. 30, 38." Chicago, R. I. & P. Ry. Co. v. Nebraska State Railway Commission, 88 Neb. 239, 129 N. W. 439.

We find the procedure provided by the Legislature to be reasonable and sufficient. The city having complied therewith, we find the publication of the ordinance to be sufficient notice to the owners and parties interested who did not reside in the city.

The ordinance, as approved and passed by the city and as published in the Scottsbluff Daily Star-Herald, did not contain the names of the parties whose lands were being taken.

We have said: "A party invoking the court's jurisdiction in a case where the court has jurisdiction of the subject-matter is estopped to object thereto afterward." McCall v. Hamilton County Farmers Telephone Assn., 135 Neb. 70, 280 N. W. 254.

As stated in Trester v. Missouri P. Ry. Co., *supra*: "Again, the plaintiff in error by taking an appeal to the district court from the award of the commissioners, entered his appearance and waived all objection as to notice. (O'Dea v. State, 16 Neb., 241; R. Co. v. Patch, 28 Kan., 470; Aiken v. Commissioners, 36 Id., 170; R. Co. v. Benham, 28 Mich., 459; R. Co. v. Allen, 100 Ind., 409.)"

We find the appellants, by taking an appeal to the district court from the award of the assessors and raising only the question of damages, entered their appearance therein and waived all objections as to notice.

Appellants contend that the title of the ordinance did not meet the requirements of section 16-404, R. S. 1943, when it failed to include a statement that the lands were necessary for the proper construction of any of the works provided for in section 16-601, R. S. 1943, since the lands of appellants were outside of the city limits.

Section 16-404, R. S. 1943, insofar as here applicable, provides: "Ordinances shall contain no subject which shall not be clearly expressed in the title, * * *."

Section 16-601, R. S. 1943, insofar as here applicable, provides: "The mayor and city council shall have power to purchase or appropriate private property for the use of the city for streets, alleys, avenues, * * * sewers, * * *. When necessary for the proper construction of any of the works above provided, the right of appropriation shall extend for a distance of ten miles from the corporate limits of the city."

The title of the ordinance is as follows: "An Ordinance of the City of Scottsbluff, Nebraska appropriating certain property described in said ordinance and which is within the County of Scotts Bluff, Nebraska, and within ten (10) miles of the corporate limits of said city to the use of the City of Scottsbluff, Scotts Bluff County, Nebraska for sewers, water mains, streets, and boulevards, appointing assessors and fixing the time and place of the meeting of said assessors, and describing their duties and remuneration and providing for the service of notice upon the owners of said real estate."

The ordinance itself, insofar as material, states: "That it is necessary that the following described property within the County of Scotts Bluff, Nebraska, and which said property is within ten miles of the corporate limits of said city, * * * be appropriated and condemned for the use of the City of Scottsbluff, Scotts Bluff County, Nebraska, for sewers, water mains, streets and boulevards."

We think what was said in Gembler v. City of Seward,

136 Neb. 196, 285 N. W. 542, is here applicable: " 'It is intended to prevent the practice of joining in the same ordinance incongruous subjects, having no relation or connection with each other, and foreign to the subject embraced in the title. Matters germane to the general subject expressed in its title may be united. * * * The title need not be an index to the act; nor need it state a catalogue of all the powers intended to be bestowed. "An abstract of the law is not required in the title;" nor need the title state the mode in which the subject is treated, nor the means by which the end sought by the enactment is to be reached.' McQuillin, Municipal Ordinances, sec. 141. See, also, 43 C. J. 523."

We find no merit to this contention as the title fully expresses the subject of what is contained in the ordinance itself.

After the assessors filed their report dated July 24, 1947, with the city clerk the mayor and council of the city on August 5, 1947, passed and approved a resolution finding, with respect to each of the tracts taken, that the assessment of damage made therefor to be fair, just, and reasonable and approved all of them, including that for tract No. 6 owned by appellants. This resolution directed the city treasurer to pay all the parties the amounts due them. This he attempted to do but the appellants refused the tender of the amount found due each of them and returned the warrants of the city that had been made out and delivered to each of them. The resolution also provided that in the event any of the parties refused to accept the amount allocated to them that then the amount so refused should be deposited with the city treasurer subject to their order. This the city treasurer did, returning the amount refused to the account set up for this condemnation. This is in accordance with section 16-604, R. S. 1943.

It is appellants' thought that this statutory right to reject or approve is also applicable to the verdict of the jury as well as to the return of the assessors. Such is

not the language of the statute. The statute refers specifically to the assessments made by the board of assessors appointed by the city. If the Legislature had so intended it could very easily have so provided by proper language. The fact that it took up this subject and provided that a city could, in the first instance, either reject or approve the assessment made by the assessors at the next regular meeting of the council after such assessment was returned, clearly indicates that they did not intend to extend it further. In fact, we are of the opinion that the city, once having approved the fixing of damages, is thereafter obligated, if appeal is taken therefrom, to pay whatever may be finally determined to be the damages.

After our mandate affirming the amount of damages fixed by the jury was filed in the office of the clerk of the district court on December 27, 1948, the city, on September 20, 1949, directed the amount thereof to be paid to the clerk of the district court in satisfaction of the judgment of the appellants. This was done on September 21, 1949. On that date there was paid by the city to the clerk of the district court for Scotts Bluff County the sum of $7,153.74. This was the amount of the damages fixed by the jury together with interest to that date and costs of the proceedings. It is apparent from the record that it would have been a futile gesture to have tendered this payment to the appellants.

Section 16-645, R. S. 1943, provides in part as follows: "The final judgment of the court shall be certified back to the city clerk."

We have said: "That money paid to the clerk of the court pursuant to an order or judgment of the court is received by the clerk in his official capacity, is no longer a disputable proposition in this state. Wheeler v. Barker, 51 Nebr., 846; Dirks v. Juel, 59 Nebr., 353." Bantley v. Baker, 61 Neb. 92, 84 N. W. 603.

We are of the opinion that on appeal, after the amount of damages had been definitely and finally determined,

the city can pay to the clerk thereof the full amount owing. It can thereby stop the accruing of interest and complete the proceedings. There is nothing in the statutes relating thereto that provides otherwise. To hold otherwise would defeat the very purpose for which courts are created, that is, to fully and finally decide the rights of parties and provide a means for the final settlement thereof. Here there was a single issue, the damages caused appellants by the taking of their property. When that was finally fixed it was the right of the city to pay it. Appellants had indicated they would refuse any tender thereof and the only way the city could satisfy the obligation was to pay it to the clerk of the court. This it did. When so paid into court the funds are thereafter in the custody of the law awaiting the direction of the parties entitled thereto.

Having come to the conclusion that the trial court was correct in overruling appellants' motion, its action in doing so is affirmed.

AFFIRMED.