DAVIS-MOORE INDUSTRIAL PARK, APPELLEE,
CITY OF OMAHA, INTERVENOR-APPELLEE, V.
MISSOURI PACIFIC RAILROAD COMPANY, APPELLANT.

316 N.W.2d 593

Filed February 26, 1982. No. 43679.

R. A. Skochdopole and Robert F. Craig of Kennedy, Holland, DeLacy & Svoboda for appellant.

Victor J. Lich, Jr., Gerald P. Herold, and Emmett D. Childers of Lich, Herold & Mackiewicz for appellee Davis-Moore.

Herbert M. Fitle, Omaha City Attorney, and Robert J. Hamer for appellee City.

Heard before KRIVOSHA, C.J., BOSLAUGH, MCCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

MCCOWN, J.

Davis-Moore Industrial Park filed a complaint with the Nebraska Public Service Commission requesting that the defendant, Missouri Pacific Railroad Company, be directed to construct a temporary and permanent crossing at a specific location on the defendant's railroad track within the City of Omaha. The City of Omaha intervened in support of the complaint. The commission sustained the complaint and ordered the railroad to construct a vehicular crossing and furnish and install grade crossing protection. The railroad has appealed.

The complainant is the owner and developer of an industrial park subdivision which is located east of the railroad right-of-way and south of L Street near its intersection with 67th Street in the City of Omaha. L Street runs east and west and 67th Street runs north and south but does not extend south of L Street. There is a frontage road south of and parallel to L Street which extends west from the railroad right-of-way.

The railroad right-of-way is 100 feet wide and the railroad track in the center of the right-of-way runs generally in a northeast-southwest direction and crosses L Street at an angle near the east edge of the 67th and L Streets intersection.

On August 21, 1962, the railroad granted the State of Nebraska an easement to permit the construction of a frontage road extending west from the railroad and connecting to L Street on the west portion of the railroad right-of-way. The easement area was located almost entirely on the west half of the railroad right-of-way, but a small triangular strip approximately 15 feet wide at the base was located immediately east of the railroad track.

The easement area and the road to the west was completed and paved in 1964 or 1965. In accordance with the 1962 easement contract with the State of Nebraska, the railroad installed a crossing at the location in September 1964. Since the frontage road to the west of the track was completed, it has been used by the public. The railroad removed the crossing about 1970, apparently without the consent of the State of Nebraska or the City of Omaha.

In 1979 the complainant paved a street along the northerly edge of its property to the east of the railroad right-of-way paralleling L Street, and extended and paved the road across the easterly portion of the railroad right-of-way to meet the road previously built by the State of Nebraska to the west of the railroad. The complainant built the road without permission of the railroad but obtained approval of the plans and building permits for the road from the City of Omaha and the State of Nebraska.

There is no evidence that any railroad right-of-way east of the 1962 easement was ever dedicated as a public street or acquired by eminent domain proceedings. Neither is there any evidence that the railroad granted any easement over that portion of its right-of-way.

The complainant and defendant attempted to reach an agreement for the railroad to construct a crossing at the location but were unable to agree, and complainant filed its complaint with the commission on February 1, 1980.

On April 23, 1980, following hearing, the Public Service Commission found that it had jurisdiction and that the defendant had a duty to construct and maintain the crossing. The commission therefore ordered the railroad to construct a temporary or permanent crossing as soon as possible and to furnish and install specified grade crossing protection. The railroad has appealed.

The railroad contends that the Public Service Commission had no jurisdiction to enter its order in this case. The argument is that the commission had no jurisdiction to order railroad crossings to be established within the limits of an incorporated city, has no jurisdiction to order a crossing unless the railroad right-of-way is crossed by a public road legally established and acquired, and that the commission has no jurisdiction to determine questions pertaining to real estate or questions of law arising out of contract.

The complainant asserts that under the Constitution and statutes of this state the commission has general jurisdiction and control over the service, facilities, and equipment of all railroad carriers, and has jurisdiction over crossings under two specific statutes.

Neb. Rev. Stat. § 75-410 (Reissue 1976) provides: "The commission shall have jurisdiction over all crossings outside of incorporated villages, towns, and cities, both public and private, across, over or under all railroads in the state, except as provided in sections 75-416 to 75-418, and shall make such rules and regulations for the construction, repair, and maintenance thereof as the commission shall deem adequate and sufficient for the protection and necessity of the public, except as to automatic grade crossing protection devices. The provisions of sections 75-410 to 75-418

should not be construed as a limitation on the powers of the commission which have been heretofore granted, but as supplemental and additional thereto. The powers herein granted shall not be construed as extending to the projection of a new public highway crossing or to the abandonment of any existing public crossing."

Neb. Rev. Stat. § 75-414 (Reissue 1976) provides: "Whenever complaint is filed in writing with the commission by the duly authorized officers of any incorporated village or city, relative to any crossing or crossings within such village or city, praying for relief from the matters complained of, the commission shall hold a hearing in the manner provided by section 75-132 and shall make such order as the facts warrant. The findings of the commission, subject to the right of appeal, shall be binding on the parties to the suit."

It is the complainant's position that a public road is deemed to cross a railroad right-of-way when the dedicated roadway intersects or meets both sides of the railroad right-of-way. Complainant also contends that the public may take possession and use the right-of-way of a railroad for road purposes without an easement and without exercising the power of eminent domain. We disagree.

The case of *Village of Louisville v. Chicago, B. & Q. R.R. Co.*, 177 Neb. 491, 129 N.W.2d 454 (1964), is dispositive of the issues involved here. In that case the commission had ordered the railroad to reopen a crossing in the village of Louisville upon a complaint by the village that it had obtained a prescriptive right to a crossing which the railroad was required to keep open. It should be noted here that there has been no material change in the two statutes dealing with crossings which are involved here, except for the numbering. In the *Louisville* case this court held that under Neb. Rev. Stat. § 75-219 (Cum. Supp. 1961) (now Neb. Rev. Stat. § 75-410 (Reissue 1976)) the

Nebraska State Railway Commission (now Public Service Commission) has jurisdiction over all crossings of highways outside of incorporated villages, towns, and cities, both public and private, across, over, or under all railroads in Nebraska. It has no jurisdiction over crossings of railroads within incorporated villages, towns, and cities, except to provide regulations for the safety and convenience of the public.

In reaching its decision in the *Louisville* case this court cited with approval previous cases holding that the commission had no authority to order a railway company to construct a crossing over its railway at a point within the limits of a village where no street has been opened. See, *Chicago, R. I. & P. R. Co. v. Nebraska State Railway Commission,* 88 Neb. 239, 129 N.W. 439 (1911); *State ex rel. Jensen v. Omaha & S. I. R. Co.,* 103 Neb. 40, 170 N.W. 496 (1918).

In the *Louisville* case this court specifically held that the judicial powers lodged in the commission are only such as are remedial of its regulatory powers, and that the hearing and determination as to whether or not an easement by prescription exists across the right-of-way of a railroad company is not regulatory and not within the jurisdiction of the Nebraska Public Service Commission. This court said: "Title to real estate, including the determination of the existence of easements, and the condemnation of land for easement purposes are judicial matters within the jurisdiction of the courts of this state. We find no authority in the statutes for the commission to hear and determine such questions." *Id.* at 494, 129 N.W.2d at 456.

In the case at bar the complainant asserts that the public has a purported easement right to use any or all of the railroad right-of-way for road purposes without constitutionally required just compensation, and also rests its claim on a contract between the railroad and the State of Nebraska. The determination of both issues is clearly a judicial matter within the jurisdiction of the courts and not the commission.

We paraphrase the language of this court in *Louisville*. The mere fact that a purported, but disputed, easement crosses the right-of-way and tracks of the railroad company does not have the effect of lodging jurisdiction in the Nebraska Public Service Commission. The rights of the complainant or of the intervening City in having such issues determined are no different than those of any other person or entity. We find no reason to depart from the holdings announced in *Louisville*.

The order of the commission is reversed and the complaint is dismissed for want of jurisdiction in the commission.

REVERSED AND DISMISSED.

WHITE, J., concurs in the result.